IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENDRICK JERMAINE FULTON <br> (BOP Register No. 30080-177), <br><br> Plaintiff, <br><br> V. <br><br> DJ HARMON, Warden, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:16-cv-2244-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff Kendrick Jermaine Fulton pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

**Applicable Background**

Fulton is incarcerated in FCI Seagoville, located in the Dallas Division of the Northern District of Texas, pursuant to 2003 drug-conspiracy conviction in the Lubbock Division of this Court.

Fulton initiated this action by filing a Motion for Leave to File Emergency 42

U.S.C. § 1983 Motion [Dkt. No. 3], which he dates as July 28, 2016, and in which he alleges that since June 7, 2016 he has been incarcerated at a special housing unit (or SHU) at Seagoville pending investigation. According to Fulton,

> [i]n SHU at FCI Seagoville there is no air conditioning and inmates are required to be housed with another inmate. Refusal to have another inmate in your cell with you will result in an incident report. Moreover, in SHU Fulton and others are not being given showers daily. Showers in SHU at FCI Seagoville are only on Mondays, Wednesdays, and Fridays.... Fulton alleges that he is being confined in a cell in SHU with another inmate in 100 degree temperatures with little ventilation and no fan or air flow.... However, because Fulton can be granted relief on his extreme heat conditions claim, the Court must first determine if "extreme heat" exposure is placing Fulton in Imminent danger enough to allow him to proceed pro se.

*Id.* at 1-2.

As Fulton insinuates, he

> has already accrued three strikes under section 1915(g). The United States District Court for the Western District of Texas previously found Plaintiff was barred by three strikes. *See Fulton v. Department of Justice*, No. 1:14-CV-297 (W.D. Tex., Austin Div., Apr. 11, 2014) (collecting the following strike upon dismissal: *Fulton v. City of Amarillo*, No. 2:06-CV-269 (N.D. Tex. Apr. 3, 2007) (dismissed with prejudice as frivolous and for failure to state a claim); *Fulton v. State of Texas*, No. 2:05-CV-265 (N.D. Tex. Nov. 15, 2005) (dismissed for failure to state a claim); *Fulton v. State of Texas*, appeal dismissed as frivolous, No. 05-11383, 217 Fed. Appx. 371 (5th Cir. Feb. 13, 2007)).

*Fulton v. Samuels*, No. 3:15-cv-2772-B-BK (N.D. Tex.), Dkt. No. 5; *see also id.*, Dkt. No. 6, 7, & 8 (dismissing Fulton's action as barred by 28 U.S.C. § 1915(g) over his objections to the magistrate judge's recommendation).

## Legal Standards

A prisoner may not proceed *in forma pauperis* ("IFP") if, while incarcerated or

detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Although Fulton alludes to seeking leave to file an action under Section 1983, because he is a federal prisoner, to the extent that he seeks leave to file an action for damages against federal officers (such as the warden at FCI Seagoville) based on the conditions of his confinement, that action would be one under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Banks v. Fed. Bureau of Prisons*, No. 5:10-cv-109-KS-MTP, 2010 WL 3620464, at *1 (S.D. Miss. Sept. 9, 2010) ("Clearly, Petitioner should present his claims concerning his housing issues in a civil rights action. Therefore, this claim filed pursuant to 28 U.S.C. § 2241 in the instant habeas request is dismissed with prejudice as frivolous and as for his conditions of confinement claim of being housed in SHU it is dismissed without prejudice so that he may properly present it in a non-habeas proceeding."); *see also id.* at *1 n.1 (noting that such a civil rights action under *Bivens* is subject to Section 1915(g)).

The only exception to 28 U.S.C. § 1915(g)'s "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)).

"Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))),

*aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

## Analysis

Because Fulton is barred from proceeding IFP unless he is "under imminent danger of serious physical injury," the Court must examine his excessive heat allegations, as Fulton appears to believe he can state a constitutional claim based on these allegedly adverse conditions of his confinement. *See* Dkt. No. 3 at 2.

While "the Constitution "'does not mandate comfortable prisons," [ ] neither does it permit inhumane ones.' Extreme cell temperatures, therefore, can violate the Eighth Amendment." *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (in turn quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981))). But "merely 'uncomfortable' heat in a prisoner's cell does not reflect 'a basic human need that the prison has failed to meet' and is not constitutionally suspect." *Id.* (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995)).

The courts that have examined "extreme heat" allegations in the context of the imminent danger exception to Section 1915(g) have focused on whether a plaintiff alleges "how the heat conditions pose[] an immediate threat to him." *Moten v. Adams*, No. 1:07-cv-924-AWI-MJS (PC), 2012 WL 2529204, at *2 (E.D. Cal. June 29, 2012), *rec. adopted*, 2012 WL 9245876 (E.D. Cal. Aug. 13, 2012) (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful")); *see also Johnson v. Telfair State Prison*, No. CV 313-047, 2013 WL 4084637, at *2 (S.D. Ga. Aug. 13, 2013) ("As to Plaintiff's allegation concerning the lack of air conditioning in his prison

cell – the only allegation that might even arguably relate to a finding of imminent danger – Plaintiff simply asserts in a conclusory manner that the deprivation of air conditioning constitutes cruel and unusual punishment under the Eighth Amendment. He does not, however, assert that he is in any real danger as a result of the supposed lack of air conditioning; at most, he appears to imply that he is generally uncomfortable." (citation omitted)); *cf. Pew v. Simmons*, 1:16cv60, 2016 WL 2977302, at *1 (W.D. Pa. May 20, 2016) ("Plaintiff states that he meets the imminent danger exception to 28 U.S.C. § 1915(g) because the cold air that blows out of the vents in his cell exacerbate his many diseases.... Although being subjected to cold temperature can indeed be uncomfortable, this does not put Plaintiff in such imminent danger of serious physical injury so as to rise to something akin to a genuine emergency.").

Similarly, Fulton also fails to explain how the alleged "extreme heat" is an immediate threat to him. And his conclusory allegations concerning his conditions of confinement are substantively the same allegations he made in the complaint and objections to the findings, conclusions, and recommendation filed in *Fulton v. Samuels*, No. 3:15-cv-2772-B-BK (N.D. Tex.). *See id.*, Dkt. No. 6 (objections) at 2 ("[I]t appears the only reason the FC&R finds that Fulton cannot proceed IFP is not because he has not plead 'extreme heat conditions,' or that those conditions present a serious risk to prisoners 'health and safety.' To the contrary, the FC&R finds Fulton cannot proceed IFP because he has not plead what 'health and safety' risks he is experiencing 'as a result of being exposed to high temperatures' at the time of his filing.").

Contrary to Fulton's insistence otherwise, conclusory claims that a prisoner has

been subjected to uncomfortable heat absent a resulting physical injury are subject to summary dismissal. For example, "[u]nder 42 U.S.C. § 1997e(e), a prisoner must show physical injury in order to maintain a civil action for any mental or emotional injury suffered while in custody." *Pryor v. Cox*, 201 F.3d 441, 1999 WL 1253040, at *1 (6th Cir. Dec. 13, 1999) (per curiam) (after noting that plaintiff's transfer to another facility mooted his injunctive-relief claim, affirming dismissal of compensatory-damages claim based on alleged Eighth Amendment violations, including that prisoners were subjected "to excessive heat," because plaintiff failed to allege "that he suffered any physical injury as a result of the defendants' alleged conduct" (citing *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997))).

In sum, Fulton's conclusory claims regarding his conditions of confinement prevent the Court from finding that he is "under imminent danger of serious physical injury" such that the three-strikes bar should be forgiven here. Fulton therefore should be barred from proceeding *in forma pauperis*. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Fulton pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 11, 2016

                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE